[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Re: Motion to Disqualify Counsel
These are cross motions to disqualify counsel for each of the parties based upon alleged conflicts of interest.
The facts are as follows: Attorney Anne R. Hoyt of O'Connell, Flaherty Attmore L.L.C. represents the plaintiff, Karen St. German in this dissolution action. Attorney Marguerite T. Friar of Kaplan and Brennan L.L.P. represents the defendant, Andre St. German.
At a hearing held May 1, 2000, the plaintiff testified that she had two or three meetings with Attorney Scola of Kaplan and Brennan relative to her estate plan. She gave him a list of her assets. He prepared for her a will, trust and power of attorney. She said these meetings took place about a year ago. Other testimony indicates the documents were prepared by him in 1997. The plaintiff also testified that Attorney Scola prepared documents relative to the reinstatement of the parties' corporation, Plainfield Medical Pharmacy, Inc., at about the same time. She did not disclose any financial information to him relative to this transaction. Based upon Kaplan and Brennan's representation of her she seeks to disqualify the firm on the grounds that its appearance in this case constitutes a conflict of interest under Rule 1.9 of the Rules of Professional Conduct
In disqualification cases, the court must balance three competing interests: (1) the pasties' interests in protecting confidential information; (2) their interests in freely selecting counsel of their choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507,457 A.2d 296 (1983) overruled in part on other grounds. Burger Burger,Inc. v. Murren, 202 Conn. 660, 522 A.2d 812 (1987).
Rule 1.9 of the Rules of Professional Conduct entitled "Conflict of Interest: Former Client" is applicable in the present situation. That section provides as follows: CT Page 6704-az
A lawyer who has formerly represented a client in a matter shall not thereafter:
(A) Represent another person in the same or substantially related matter in which the person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(B) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when information has become generally known.
In this case it is undisputed that the defendant's law firm has represented the plaintiff within the last three years. In the preparation of her estate plan, she provided the firm with a list of her assets. The court finds that her right to the protection of this confidential information outweighs the defendant's right to select counsel of his choice, Goldenberg, Id., 507.
The plaintiff's motion is granted.[1]
At the hearing of May 1, 2000, the defendant testified that he did not approve of Attorney Hoyt's representation of the plaintiff because Attorney Hoyt worked in the law offices of Attorney B. Paul Kaplan, a predecessor of the current firm in the 1980s. He said Attorney Kaplan had represented him since 1983. He acknowledged that Attorney Hoyt left the firm in 1988 and that he never consulted with her personally. In the years from 1983 to 1988 he said the firm represented him once in a personal matter. Otherwise its involvement was with the parties' corporation, Plainfield Medical Pharmacy, Inc.
Applying the same balancing test on these facts where the defendant does not allege that he divulged any confidential information to Attorney Hoyt and noting that twelve years have gone by since Attorney Hoyt left the firm, the court finds that the plaintiff's right to counsel of her choice outweighs the defendant's right to confidentiality.
The defendant's motion to disqualify is denied.
Potter, J.